# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

ROBERT T. DICKEY,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

CV 4:25-215

## ORDER

Before the Court is Plaintiff Robert Dickey's motion to remand, dkt. no. 11, wherein he argues the removal of this case by Defendant State Farm Fire and Casualty Company was improper. State Farm has responded in opposition, dkt. no. 12, and the motion is ripe for review.

## BACKGROUND

This case involves an insurance dispute between Plaintiff and State Farm. Dkt. No 1-1. In the complaint, Plaintiff alleges that he entered into an insurance contract with State Farm ("the Policy") to cover his property in Guyton, Georgia ("the Property"). Id. ¶¶ 1, 5. Plaintiff alleges that, on or about July 28, 2024, the Property "sustained a covered loss as a result of structural damage." Id. ¶ 7. Plaintiff states that he "submitted a claim to the Insurance Company for coverage due to the Loss," but,

allegedly, State Farm has not paid Plaintiff the full amount owed under the Policy. Id. ¶¶ 8, 16.

On July 24, 2025, Plaintiff filed suit in the Superior Court of Effingham County, Georgia, asserting breach of contract and bad faith claims against State Farm. See generally id.  State Farm removed the case to this Court on September 17, 2025.  Dkt. No. 1. Plaintiff now moves to remand the case to state court, dkt. no. 11, and State Farm opposes the motion, dkt. no. 12.

## LEGAL AUTHORITY

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the Constitution or by Congress.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system.  28 U.S.C. § 1441; Burns, 31 F.3d at 1095.

The removing defendant, however, bears the burden of proving the existence of federal jurisdiction, Tapscott v. MS Dealer

Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), and, because the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear, Burns, 31 F.3d at 1095. In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, 520 U.S. 1162 (1997); Burns, 31 F.3d at 1095; see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Normally, a plaintiff is "the master of his or her own claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Burns, 31 F.3d at 1095 (citations omitted). Accordingly, where a plaintiff specifically claims less than the federal jurisdictional prerequisite in state court, a defendant may only establish removal jurisdiction by showing to a "legal certainty" that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed. Tapscott, 77 F.3d at 1356; Burns, 31 F.3d at 1094.

Where, as here, there is an unspecified claim for damages, however, a removing defendant need not meet the strict "legal certainty" standard articulated above. Instead, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the

[$75,000] jurisdictional requirement." Tapscott, 77 F.3d at 1357; see also 28 U.S.C. § 1332(a). This lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." Tapscott, 77 F.3d at 1357.

## DISCUSSION

As a threshold matter, the Court finds, and the parties agree, that diversity of citizenship exists between Plaintiff Dickey and Defendant State Farm. Therefore, the issue before the Court is whether State Farm has met its burden to show, by a preponderance of the evidence, that the amount in controversy requirement is met. See Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 779 (11th Cir. 2008).

"The amount in controversy is measured 'on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal.'" Creswell v. Transport Risk Solutions Risk Retention Grp., No. 1:19-cv-4632, 2020 WL 13526729, at *2 (N.D. Ga. July 16, 2020) (quoting Burt Co. v. Clarendon Nat'l Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010)). "In a notice of removal, the removing party need only provide 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" Id. (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a))). "However, when a non-removing party contests the amount in controversy, the removing party must show that the

4

amount in controversy is met by a preponderance of the evidence." Id. (citing Owens, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B))). "'In such a case, both sides submit proof, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Id. (quoting Owens, 574 U.S. at 88). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence." Id. (citing Sutherland v. Glob. Equip. Co., 789 F. App'x 156, 162 (11th Cir. 2019)).

"Further, 'Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" Id. (quoting Clark v. LG Elecs. U.S.A., Inc., No. 1:18-CV-5574-ODE, 2019 WL 5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010))). "'[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" Id. (quoting Roe, 613 F.3d at 1062).

In his motion to remand, Plaintiff argues "this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000, exclusive of interest and costs." Dkt. No. 11 at 2. Importantly, in the complaint itself, Plaintiff does not

claim a specific dollar amount in damages. See Dkt. No. 1-1. Therefore, to defeat Plaintiff's motion to remand, State Farm need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

In both its notice of removal and its brief opposing Plaintiff's motion to remand, State Farm references Plaintiff's pre-suit demand letter, wherein Plaintiff estimated his damages to be $37,713.55. Dkt. No. 1 at 3; Dkt. No. 12 at 2. Plaintiff attaches the same demand letter to his motion to remand as proof that the amount in controversy is below the $75,000 threshold. Dkt. No. 11-1. However, the amount-in-controversy inquiry does not end with the demand letter. As State Farm points out, in the complaint, Plaintiff alleges not only a breach of contract claim, but also a bad faith claim pursuant to O.C.G.A. § 33-4-6. Dkt. No. 1 at 3; Dkt. No. 1-1 at 5; Dkt. No. 12 at 2. In the event of bad faith on the part of a defendant insurer, § 33-4-6 provides that "the insurer shall be liable to pay . . . in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer." § 33-4-6(a). Indeed, Plaintiff discusses § 33-4-6's potential fifty-percent penalty in his demand letter. Dkt. No. 11-1 at 2 ("Bad faith claims handling violation of O.C.G.A. § 33-

6

6-34 triggers additional liability on your part under O.C.G.A. § 33-4-6 that includes the amount of the claim, plus a penalty of an additional fifty percent (50%) of the value of the claim and reasonable attorneys' fees and costs.").

In its brief opposing remand, State Farm urges the Court to include a fifty-percent bad faith penalty in its calculation of the amount in controversy. Dkt. No. 12 at 2. However, in its separately filed motion to dismiss, which is still pending before the Court, State Farm contends that Plaintiff's bad faith claim is "procedurally improper," because "Plaintiff's demand was not made at a time when immediate payment was due." Dkt. No. 7-3 at 13, 15. That is, State Farm contends Plaintiff was required by the Policy to submit to State Farm a sworn statement of proof of loss and Plaintiff failed to do so, therefore, Plaintiff did not meet "a condition precedent required prior to payment being issued," and his demand was improper. Id. at 15. Plaintiff has made no attempt to refute State Farm's contention.

Under Georgia law, for a bad faith claim under O.C.G.A. § 33-4-6 to become ripe, a plaintiff must first "send a proper demand for coverage" to the insurer. Smith v. Allstate Prop. & Cas. Ins. Co., No. 1:23-CV-3152-SEG, 2024 WL 6980607, at *3 n.1 (N.D. Ga. Nov. 26, 2024) (citing Mulhall v. UNITE HERE Loc. 355, 618 F.3d 1279, 1291 (11th Cir. 2010)). Therefore, a plaintiff's sending an *improper* demand for coverage means his bad faith claim

7

is not ripe.  See Lavoi Corp., Inc. v. Nat'l Fire Ins. Of Hartford, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) ("[A]t the time the bad faith demand was submitted . . . , immediate payment was not due because [plaintiff] had not complied with the prerequisites under the policy," and, therefore, "the demand for payment was improper.").  Based on State Farm's contention, then, Plaintiff's bad faith claim against State Farm is not ripe.

But the Court cannot consider an unripe claim in determining the amount in controversy.  See Dargenson v. Progressive Select Ins. Co., No. 23-61391-CIV, 2024 WL 3497603, at *2 n.2 (S.D. Fla. Feb. 23, 2024) (Because "the law is clear that Plaintiff's bad faith claim is not yet ripe, . . . the Court will not consider the bad faith claim in determining the amount in controversy." (internal citation omitted)); Brown v. Safeco Ins. Co. of Ill., No. 6:13-CV-1982, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014) ("[A] non-ripe bad faith claim has zero value with regard to the amount in controversy." (citing Jenkins v. Allstate, No. 5:08cv285, 2008 WL 4934030, at *3 (M.D. Fla. Nov. 12, 2008) (holding that insurance bad faith claim cannot be removed until it becomes ripe))); see also Republic Vanguard Ins. Co. v. Russell, No. 2:20cv1317, 2021 WL 794464, at *4 (N.D. Ala. Mar. 2, 2021) ("[T]he duty to indemnify is not yet ripe and the court cannot consider the value of the duty to indemnify claim when calculating the amount in controversy.").  Without the potential bad faith

penalty, State Farm has not shown by a preponderance of the evidence that the amount in controversy meets the $75,000 threshold for diversity jurisdiction. Beavers, 265 F. App'x 779. Therefore, State Farm has failed to meet its burden to show removal was proper, and remand is warranted.

**CONCLUSION**

Defendant State Farm has not shown by a preponderance of the evidence that the amount-in-controversy requirement for diversity jurisdiction is met.  Accordingly, Plaintiff's motion to remand, dkt. no. 11, is **GRANTED**.  This case is hereby **REMANDED** to the Superior Court of Effingham County, Georgia.

**SO ORDERED**, this 12th day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA